# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Leda Dunn Wettre |
| v. | : Mag. No. 20-13172 (LDW) |
| ANTELMO QUIROZ-QUIROZ | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 15th day of April, 2020 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE          _Leda Dunn Wettre_
UNITED STATES MAGISTRATE JUDGE       Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after October 30, 2015, and on or before January 31, 2018, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

> ANTELMO QUIROZ-QUIROZ,

being an alien, and on or about October 30, 2015, having been deported and removed and departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, ANTELMO QUIROZ-QUIROZ (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2. On or about October 30, 2015, the Defendant was arrested by the United States Border Patrol ("USBP") in Arizona for illegally entering the United States. On or about the same day, the Defendant was ordered removed by an immigration officer pursuant to section 235(b)(1) of the Immigration and Nationality Act ("INA").

3. On or about October 30, 2015, the Defendant was removed from the United States. Shortly before his removal from the United States on or about October 30, 2015, the Defendant was given notice that he was prohibited from entering the United States for a period of 5 years, and an official from USBP took a fingerprint from the Defendant.

4. At some point after his 2015 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5. On or about January 31, 2018, the Defendant was arrested by the Neptune Township Police Department in New Jersey, for committing various sexual assault related offenses, including but not limited to, Aggravated Sexual Assault – Victim Under the Age of 13, in the First Degree, in violation of Section 2C:14-2(a)(1) of the New Jersey Code of Criminal Justice.

6. On or about February 1, 2018, and while still in custody at the Monmouth County Jail in connection with the State charge discussed in paragraph 5, above, the Defendant was encountered by immigration officers and an immigration detainer was lodged against him. On or about that same day an official from ICE took a fingerprint from the Defendant.

7. On or about May 29, 2018, the Defendant pled guilty in the Superior Court of New Jersey, Monmouth County, to Endangering – Sexual Conduct with Child by Caretaker, in the Second Degree, in violation of Section 2C:24-

4(a)(1) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately five years' imprisonment, subject to the reporting and registration requirements of Megan's Law and the conditions of parole supervision for life.

8. A fingerprint taken from the Defendant from his deportation records for the October 2015 removal was compared to the Defendant's fingerprint that was taken on or about February 1, 2018, after he was encountered by immigration officers. Both fingerprints were found to be identical.

9. Prior to the Defendant's re-entry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.